UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:22-CR-00129-KKC-EBA-1

UNITED STATES OF AMERICA,                                          PLAINTIFF,

V.                              **DETENTION OPINION & ORDER**

MARCUS PERRY GREEN,                                          DEFENDANT.

*** *** *** ***

The October 20, 2022 grand jury indictment alleges that Defendant Marcus Perry Green possessed and conspired with others to distribute 40 grams or more of a mixture containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. [R. 1]. At his arraignment, the United States orally moved for pretrial detention pursuant to 18 U.S.C. § 3142(f)(1)(A), and the Court conducted a detention hearing on January 25, 2023. [R. 18]. For the reasons discussed herein, the Court GRANTS the United States' motion for detention.

**I.**

In this action, Defendant seeks to be released pending trial, asserting that conditions of release can be imposed that will reasonably assure his appearance at future proceedings and the safety of other persons in the community. At a detention hearing held January 25, 2023, the Defendant agreed that this case raises a presumption of detention, meaning that Defendant carries the burden to rebut that presumption. *See* 18 U.S.C. § 3142(e)(3).

Defendant called as a witness, his mother, Rachel Sisson, to testify on his behalf. Ms. Sisson testified to having a close relationship with the Defendant, who is her oldest son. If Defendant is released pending trial, Ms. Sisson testified that he is welcome to reside in her home;

that she would supervise the Defendant and report any violations to his conditions of his release to the probation officer or defense counsel; and that she did not believe he would be at risk of reoffending or failing to appear if released to her residence.  However, Ms. Sisson testified that her husband, Kelvin Sisson, is facing serious criminal charges and is currently residing with her. Considering this, Ms. Sisson testified that Defendant could also reside with his aunt and cousins, none of whom are facing criminal charges at this time; or Defendant's girlfriend, Diamond Williams, with whom defendant has previously resided while on pretrial release.

## II.

A defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or combination of conditions will reasonably assure both the defendant's appearance as required and the safety of any other person and the community.  18 U.S.C. 3142(e)(1); *see also United States v. Hinton*, 113 Fed. App'x. 76, 77 (6th Cir. 2004).  Title 18 U.S.C. 3142(g) lists the factors to consider in making the determination whether the defendant should be detained or released, including: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person as it relates to danger to the community; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  *Hinton*, 113 Fed. App'x. at 77.

## III.

The Court has weighed the factors set forth in 18 U.S.C. § 3142 and has considered all available information, including the pre-trial services report, and the testimony of Rachel Sisson. Having considered the matter, the Court will order that the Defendant be detained on the basis that no conditions of release can be imposed that will reasonably assure the safety of any other or the community.  In making this finding, the Court considers the following factors, and the undisputed factual evidence relevant to each:

**1. The nature and circumstances of the offense charged.**

The first factor asks the Court to consider "the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance." 18 U.S.C. § 3142(g)(1). In this case, the pre-trial services report indicates that Defendant was operating a motor vehicle, the owner of which had an active arrest warrant, and was accordingly subject to a traffic stop. A K9 unit was deployed soon thereafter, which led to police recovering 252.2 grams of suspected fentanyl and approximately $17,000 in United States currency.

Based on the factual allegations, Defendant faces one count of conspiracy to distribute 40 grams or more of a mixture or substance containing fentanyl, and one count of possession with intent to distribute 40 grams or more of a mixture or substance containing fentanyl, all in violation of 21 U.S.C. §§ 841(a)(1) and § 846. The penalties for these crimes include a term of imprisonment not less than 5 years, a fine not to exceed $5,000,000, and a term of supervised release of at least 4 years following release from incarceration. *See* 21 U.S.C. § 841(b)(1)(B)(vi). Defendant has previously been convicted of a drug-related felony in Fayette Circuit Court, therefore subjecting him to an enhanced penalty if convicted in the instant action. *See generally* U.S.S.G. § 4A1.1. Based on the penalties, the offenses charged are undeniably serious. Defendant does not seem to address the nature or circumstances of the charges against him. Thus, this factor weighs in favor of detention.

**2. The weight of the evidence.**

The "weight of the evidence" factor goes to evidence of dangerousness rather than guilt and is to be considered in determining whether there are any conditions which will reasonably assure the defendant's appearance and the safety of any other and the community. *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). In this case, the weight of the evidence related to risk of danger arises from the

acts alleged in the indictment, and the defendant's lengthy and escalating criminal history of possession, use, and trafficking of controlled substances such as cocaine and heroin going back to 2006.  Additionally, the Court considers that some of Defendant's offenses were committed while he was released on parole, including recent arrest for being a felon in possession of two handguns. This evidence is compelling and is summarized further below, *infra* Part III.4.  In all, this factor weighs in favor of detention.

### 3. The history and characteristics of the person.

The third factor demands the court examine the history and characteristics of the person, including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings[.]"  18 U.S.C. § 3142(g)(3)(A).  The evidence in this action is that defendant is 34 years of age and a lifelong resident of the Lexington, Kentucky area.  According to the pre-trial services report, Defendant was primarily raised by his mother, Rachel Sisson.  He reports having three children from three previous relationships, for whom he provides ongoing monetary support. Additionally, he reports that his current girlfriend, Diamond Williams, is pregnant.  Defendant further states that he has maintained employment as a mover for an unknown period, wherein he works approximately 40 hours per week and estimates an annual gross income of $35,000.

Defendant reports that he currently suffers from asthma, sarcoidosis, and glaucoma. He advises that he uses an inhaler as needed for his asthma; he previously received radiation treatment for glaucoma and currently tests "negative" for the condition; and that he continues to seek treatment for sarcoidosis.  In terms of mental health, Defendant reports a history of mental health struggles, including a Bipolar Disorder diagnosis as an adolescent and a schizophrenia diagnosis approximately six years ago.  He reports that he has not seen a psychiatrist for these

conditions in approximately two years and that he has not taken medication for the same amount of time.  Defendant reports that he has required hospitalization multiple times due to mental health concerns both as an adolescent and as an adult.

Defendant reported during his federal bond interview that he began abusing controlled substances at age 12, but has not consumed alcohol in 1.5 years, benzodiazepines in 20.5 years, cannabinoids in 2.5 years, club/designer drugs in 10.5 years, cocaine in 2.5 years, and suboxone in 2.5 years.  While the pre-trial services report does not indicate that he has underwent recent testing, Defendant's attorney advised the Court that, to her knowledge, Defendant has not had any positive drug tests related to his recent state or federal charges, or since July 2021.

According to the pre-trial services report, the Defendant has some history of failing to appear for court appearances in state court and traffic violations.  The last time Defendant failed to appear was in 2011 related to a state court charge.  The pre-trial services report indicates that Defendant was also charged with fleeing or evading police in 2011.  Importantly, these instances occurred all while defendant was on parole.  *See e.g.*, *United States v. Jones*, No. 6:16-cr-00034-GFVT-HAI-7, 2018 U.S. Dist. LEXIS 83282, at *12 (E.D. Ky. May 17, 2018) (finding detention proper where defendant had not been convicted since 1995, over 20 years ago, "but the indictment charge[d] him with behavior occurring beginning in 2007, when [defendant] was released on parole").  However, Defendant's attorney proffered at the detention hearing that the Defendant was present for all federal court appearances associated with the charges brought by Criminal Complaint in July 2021, wherein he was released on bond and subject to home detention with electronic monitoring from August to September 2021.[1]  In sum, the Defendant's personal history and characteristics weigh in favor of definition.

---

[1] The Criminal Complaint in *United States v. Green*, 5:21-MJ-05247-MAS (E.D. Ky.) was dismissed, but the underlying conduct appears to be related to the conduct alleged in the instant case.  Further, it appears that the United States orally withdrew its motion for pretrial detention in that action.  *See* [5:21-MJ-05247-MAS, R. 14].

**4. The nature and seriousness of any danger to another upon the person's release.**

The final factor assesses "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Based on the evidence presented, the Court concludes that the Defendant failed to meet his burden of showing by clear and convincing evidence that he will not pose a danger to any other and the community. While the Court recognizes that the Defendant has successfully appeared in both federal and state court related to various criminal allegations since 2011, such compliance is outweighed by the whole of Defendant's conduct over the last two decades. On balance, the defendant has displayed an inability to comply with terms of supervision, considering that he has developed a lengthy criminal record *following* his being placed on parole in 2006. The Court looks at the nature of the acts for which he has been arrested and is troubled by the escalating seriousness of his offenses, including the instant allegations that he is involved with the distribution of fentanyl. Moreover, the Court notes that Defendant has at least four arrests associated with handgun possession while he is a convicted felon. His most recent arrest for which federal charges may be forthcoming occurred on January 9, 2023, wherein Lexington Police made contact with a vehicle in which Defendant was an occupant, and Defendant was found to have a loaded firearm on his person. Another firearm was also found in the vehicle's glovebox.

Defendant's criminal record, the nature of his criminal offenses, and his untreated mental health conditions suggest that he poses a serious risk of danger to the community if he is released. Thus, this factor weighs in favor of detention.

## IV.

Accordingly, for the reasons stated herein, the Court ORDERS that the Defendant Marcus Perry Green is hereby committed to the custody of the Attorney-General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or servicing sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the U.S. Marshal for a court appearance.

The Defendant may appeal this order pursuant to 18 U.S.C. § 3145.

Signed January 31, 2023.

**Signed By:**

**_Edward B. Atkins_**

**United States Magistrate Judge**