**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　Plaintiff,<br><br>V.<br><br>**MARCUS PERRY GREEN,**<br>　　Defendants. | **CRIM. NO. 5:22-CR-129-S-KKC-MAS**<br><br>**MEMORANDUM OPINION<br>　AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Marcus Perry Green's motion to sever (DE 63) Count III of the superseding indictment (DE 56). Count III charges Green with, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessing a firearm in violation of 18 U.S.C. § 922(g)(1). (DE 56 at 2.) For reasons stated below, the Court will grant Green's motion.

## I. BACKGROUND

On October 22, 2022, an indictment was returned charging Green with two counts of criminal activity occurring on July 19, 2021. (DE 1). First, he was charged with knowingly and intentionally conspiring with others to distribute fentanyl in violation of 21 U.S.C. § 846 ("Count 1"). Second, Green was charged with knowingly and intentionally possessing with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) ("Count 2"). On July 6, 2023, a superseding indictment was returned with an additional allegation that on January 9, 2023, Green was knowingly in possession of a firearm while having been convicted of a felony offense punishable by a year or more of imprisonment in violation of 18 U.S.C. § 922(g)(1) ("Count 3"). (DE 56).

## II. ARGUMENT

Green asserts that Count 3 should be severed because evidence related to the firearms violation would be irrelevant and prejudicial as to Counts 1 and 2 (the "drug charges"). (DE 63).

Federal Rule of Criminal Procedure 8(a) permits joinder of separate counts in one indictment if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). If joinder of multiple offenses does not comply with Rule 8, "the district court has no discretion on the question of severance." *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002) (citations omitted). In deciding whether charges are properly joined, the court must look to the face of the indictment. *Id.* at 458. (citations omitted).

When there is no temporal proximity between the distribution of narcotics and the possession of firearms, "something more must tie the two offenses together to permit joinder in a single indictment." *Chavis*, 296 F.3d at 460 (quoting *United States v. Hubbard,* 61 F.3d 1261, 1270-71 (7th Cir. 1995)). In *United States v. Chavis*, the Sixth Circuit held that the joinder of drug and firearm charges was improper where there was a two-year gap in time between the two charges and nothing in the indictment indicated a connection between the offenses. Similarly, in *United States v. Hubbard*, the Seventh Circuit did not allow joinder of a drug trafficking charge and a felon in possession of a firearm charge despite evidence showing that the defendant had stored narcotics in the same automobile compartment that the firearm was found in. *Hubbard*, 61 F.3d at 1265. The court noted that nearly a year and a half had transpired between the two charges and there was no connection between the two crimes alleged in the indictment. *Id.* at 1271.

This case is no different than *Chavis* and *Hubbard*. Green was charged with possession of a firearm seventeen months after his drug trafficking charges. There is nothing in the indictment alleging that drugs were involved with his possession of a firearm. Applying Rule 8, the drug charges and the firearm charge are not of similar character. *See Hubbard*, 61 F.3d at 1270-71 ("The unlawful possession of a firearm is an offense wholly distinct from the distribution of narcotics."). Nothing indicates that the charges resulted from the same act or transaction, especially since they occurred a year and a half apart. Last, there is no connection between the two offenses alleged in the superseding indictment, and, once again, the expanse of time between the two crimes refutes any inference of a connection. Accordingly, there are no grounds for joinder under Rule 8 and the Court must sever Count 3 from Counts 1 and 2.

\* \* \* \* \*

Accordingly, **IT IS ORDERED** that Marcus Perry Green's motion to sever (DE 63) is **GRANTED**. The Court will conduct a **Telephonic Pretrial Conference** on September 25, 2023 at 4:00 p.m. at Lexington, Kentucky. Parties shall call 1-859-474-8484, phone conference ID is 428 363 59#, to connect to the call. Please dial in a few minutes early.

Dated this 21st day of September 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY